(*Superior Court of Chicago.*)

### James Pratt

#### vs.

### Russell Grimes.

(October, 1869.)

APPEAL AND ERROR—POWER OF COURT WHERE CASE REVERSED AND REMANDED WITHOUT DIRECTIONS. Where a decree in equity in favor of the defendant has been reversed and the case remanded by the supreme court without directions the lower court has complete power over the disposition of the case.

Motion for leave to introduce further evidence in a case
that had been reversed by the supreme court.

JAMESON, J.:—

This is a motion for leave to introduce further evidence in
a case that has come from the supreme court. That court re-
versed the decree, and remanded the case without any direc-
tions, simply saying: "We reverse the decree on the ground
that there is no sufficient proof of settlement, and remand
the cause." It is contended by the party prevailing that all
we have to do is to enter a decree. On the part of the de-
fendant here, it is contended that this order does not pre-
clude the introduction of further testimony, and a hearing
of the case.

On the part of the complainant, a case has been read to the
court from 1 Kane, 586, at law, which is supposed to settle
the rule as the complainant contends it should be. In that
case, the court of errors of New York reversed a case that
had come up from the supreme court, and ordered the court
below to enter an order decreeing a hearing of the matter
*de novo* for a new trial by a jury. The order of the court of
errors was not obeyed by the court below. A new trial was
had, but without the issuing of an order for a *venire*. The
case going again to the court of errors, it was held that that
was error; that the court below should have first entered an
order for a *venire de novo,* and thereupon a new trial would
properly have been had. Because there was no such order
entered, the case was remanded again. This is a case at law,
and even if it was in its circumstances precisely similar to
this—that is, had the court of errors merely reversed and
remanded the case without direction, I doubt very much if it
would have applied to a case in chancery. On the other
hand, the defendant has read several cases which I think
establish a contrary rule. In the case of *Wescot v. Wood-
worth,* 1 Hopkins, Ch. 576, it was held that where a case
had been taken to the supreme court, and an order of re-
manding the case was entered, that it was the duty of the
court below to allow evidence anew as to a party who had

been made a party to the suit after the evidence as to other defendants had been taken originally. It seems that there were certain defendants; the case had been prepared for trial in the court below as to them, and all the evidence taken, and then another party was made party to the suit. The court went on and entered a decree, and in the supreme court the case was reversed and remanded. The new party to the case claimed the right to introduce evidence on the hearing, which was overruled, and the case was heard on the evidence originally in the case. The supreme court held that that was error. There are also two cases in 3 Dana (Ky.), 76, 536 (*Riley v. Wiley; Broadhus v. Broadhus*), to this effect: where a cause has been reversed and remanded without directions, the court below has the same power over it as though it had never been to a higher court, and of course it may either set aside orders entered in the cause that was originally before it, or it may make such decree as seems to be equitable and just. I think that these two cases are pertinent to this, and must govern. In this case it is claimed by the defendant that one of the depositions used on the trial in this court was not taken to the supreme court. It formed no part of the record, but was lost, and it is claimed had that deposition been on file as a part of the record, the case might have been very different in the supreme court. This presents a strong equitable claim for the allowance of this motion.

The motion is allowed.

### NOTE.

Case on former appeal, see *Pratt v. Grimes*, 48 Ill. 376.—Ed.